159 A.2d 288 (1960)
ESSENTIAL ENTERPRISES CORPORATION, a corporation of the State of Delaware, Plaintiff,
v.
AUTOMATIC STEEL PRODUCTS, INC., a corporation of the State of Delaware, Frank B. Johnston, Henry G. Hotchkiss and John R. Maher, Defendants.
Court of Chancery of Delaware, New Castle.
March 15, 1960.
*289 Louis J. Finger, of Richards, Layton & Finger, Wilmington and Sylvester & Harris, New York City for plaintiff.
Henry Horsey, of Berl, Potter & Anderson, Wilmington for defendants.
SEITZ, Chancellor.
This is an action under 8 Del.C. § 225 to determine the validity of the removal of the individual defendants as directors and the election of others to replace them. There is also an issue as to the election and removal of one director as chairman of the board. This is the decision on the cross motions of the parties for summary judgment. The facts material to the disposition of the pending motions are not in dispute.
In 1947, a merger agreement was entered into between defendant corporation and Mercury Clutch Corporation, an Ohio corporation. The agreement provided that the certificate of incorporation was to be as set forth in the agreement and that the by-laws of Automatic, as they existed on the date of agreement, were to be and remain the by-laws of the surviving corporation. This merger agreement was approved by all the stockholders of both the corporations concerned. The defendant corporation's certificate of incorporation is for all practical purposes the same today.
Plaintiff is the majority stockholder of the defendant, Automatic Steel Products, Inc. Three of the six directors of the defendant corporation on April 30, 1959, were defendant, Johnston, whose term would expire in November 1960, and defendants, Hotchkiss and Maher, whose terms would expire in November 1961. The three will be referred to as "individual defendants". The board members serve staggered terms.
A stockholders' meeting was called for June 2, 1959 for the purpose of voting to remove the three individual defendants as directors and to elect successors. The board then consisted of six directors. Over objection, a majority of the shares were voted for the removal of the individual defendants and for the election of successors. The individual defendants were admittedly removed without legal "cause". On the same day the "new" board of directors removed Johnston as Chairman of the board. Thereafter this action was filed by plaintiff to secure a determination of the matters mentioned to avoid any doubt as to the validity of action taken by the "new board".
I first consider the validity of the removal of the individual defendants as directors. The action was taken pursuant to the following by-law:
"Section 9. Removal of Directors. Any Director may be removed, either with or without cause, at any time by the affirmative vote of the majority in interest of the holders of record of the stock having voting power at a special meeting of the stockholders called for the purpose; and the vacancy in the Board caused by any such removal may be filled by the stockholders at such meeting."
The individual defendants contend and plaintiff denies that the quoted by-law is invalid because it is in conflict with defendant's certificate of incorporation.
We start from the premise that a by-law which is in conflict with a provision in a certificate of incorporation is invalid. Gaskill v. Gladys Belle Oil Co., 16 Del.Ch. 289, 146 A. 337. Of course, every reasonable effort should be made to reconcile the two, particularly where, as here, both were adopted at the same time.
*290 The argument of the individual defendants goes like this: Defendant's certificate provides that a director shall hold office for a term of three years or until his death or until he shall resign; only two directors are elected each year; thus the by-law permitting removal without cause is inconsistent with the certificate provision, there being no certificate provision permitting removal without cause.
Plaintiff argues that 8 Del.C. § 141(d) and Article Eighth of Defendant's certificate set maximum limits on the terms of the directors and do not constitute a command that such directors serve out the full period of their terms. Thus, it is argued that limitations (such as removal without cause) may be incorporated in the by-laws. Is this a proper construction of the statute and charter?
While the conflict considered is between the by-law and the certificate, the empowering statute is also involved since the certificate provision is formulated basically in the words of the statute. 8 Del.C. § 141 (d) provides as follows:
"(d) The directors of any corporation organized under this chapter may, by the certificate of incorporation or any amendment thereto, or by a vote of the stockholders, be divided into one, two or three classes; the term of office of those of the first class to expire at the annual meeting next ensuing; of the second class one year thereafter; of the third class two years thereafter, and at each annual election held after such classification and election, directors shall be chosen for a full term, as the case may be, to succeed those whose terms expire."
Article Eighth of the certificate provides:
"Eighth: The Board of Directors shall consist of not less than three nor more than fifteen members. The number of directors which shall constitute the whole Board shall be such as from time to time shall be fixed by or in the manner provided in the By-Laws. The number of directors shall always be a multiple of three. Directors need not be stockholders nor residents of the State of Delaware. The directors shall be divided into three classes and there shall always be an equal number of each class. The term of office of the first class shall expire at the next annual meeting of the stockholders in 1948; the second class to expire one year thereafter and the third class two years thereafter. At each annual election, commencing at the next annual meeting of the stockholders, the successors to the class of directors whose term expires in that year shall be elected to hold office for the term of three years to succeed those whose term expires so that the term of office of one class of directors shall expire in each year. Each director shall hold office for the term for which he is elected or appointed and until his successor shall be elected and qualify, or until his death or until he shall resign. Directors need not be elected by ballot, except upon the demand of any stockholder."
It is of course true that a corporation need not provide in its certificate for staggered terms for its directors. In this sense § 141(d) is permissive, as plaintiff argues. However, once such a provision is inserted in a certificate, the problem is merely one of construction. Is the certificate, which follows the statute, inconsistent with the by-law?
Plaintiff is, of course, correct in saying that the language of the certificate fixes maximum terms for directors serving staggered terms. But it does not follow that the provisions are concerned solely with the fixing of a maximum term. Thus the statute says that "directors shall be chosen for a full term". The certificate implements this by saying "Each director shall hold office for the term for which he is elected * * *". Clearly the "full term" *291 visualized by the statute is a period of three years  not up to three years. I need not consider whether the limitations set forth in the certificate (e. g. resignation) preclude the inclusion of others in a by-law.
Plaintiff argues that the stockholders should be permitted as a matter of policy to remove directors without cause, claiming that they have no "vested" interest in the office as against the "owners" of the corporation. This may be so but "there are ways" to do things and expediency is a poor substitute for reasonable predictability in our business society. After all, the stockholders adopted the staggered term provision with its dispersion of board responsiveness to the wishes of its stockholders.
The by-law here involved, at least as to its removal without cause provision, is inconsistent with the provision of the certificate calling for staggered three year terms for its directors. This is so because it would permit the removal of directors without cause in a manner which would frustrate the plan and purpose behind the provision for staggered terms and because it is incompatible with the pertinent language of the statute and the certificate. Thus, three directors were here purportedly removed at one time although under the certificate and statute only two could be replaced by stockholder vote in any one year.
I conclude that the individual defendants were not validly removed as directors because defendant's by-law at least in its "without cause" aspect is invalid. It follows that the three persons purportedly elected as their successors were not validly elected and are not directors.
It is unnecessary to consider other serious objections raised by the individual defendants.
I next consider whether Johnston was validly removed as Chairman of the board.
As previously noted, at the board meeting of June 2, 1959, Johnston was purportedly removed as chairman. On July 21, 1959 the stockholders held another special meeting and amended Art. II, Sec. 2 of the by-laws to increase the number of directors from six to nine. It then proceeded to fill such directorships. The legality of this action is not challenged. The enlarged board met the same day and adopted and ratified all actions taken at the June 2, and June 23 meetings. At the annual meeting on November 5, 1959, the stockholders also ratified the action taken at the June 2 meeting of the board.
In view of my decision that the individual defendants were not validly removed by the stockholders at the June 2, 1959 meeting, it follows that the action of the board on the same date in removing Johnston as chairman was also invalid. This is so because it was not done by the vote of a majority of a quorum of the board. But plaintiff says this decision was ratified by the action of the enlarged board in its meeting of July 21, 1959 in approving, adopting, ratifying, and confirming the action taken at the June 2, 1959 meeting in removing Johnston. Under the by-laws the board is given the power to remove the chairman.
At least as of July 21, 1959 Johnston was validly removed as chairman. I say this because at its meeting on that date the board, through the action of a majority of an admitted quorum, voted such removal by adopting the action taken at the June 2, 1959 meeting in that respect.
The next and final question would be whether the July 21, 1959 action of the board in purportedly ratifying the invalid removal of the chairman on June 2, 1959 was effective in the sense that the removal legally related back to June 2. Since Johnston was validly removed on July 21, 1959, one asks for what purpose it must be determined whether the ratification was effective to validate the action taken at the June 2 meeting. The answer involves the question of Johnston's right to compensation during the interim. At the argument hereon liability for Johnston's salary based on his *292 counterclaim was reserved for later consideration. Thus, I need not now consider whether the ratification could under the circumstances relate back to June 2 so as to deprive Johnston of any monetary claim. If the parties still desire to have this issue decided they may submit a brief schedule.
Present order on notice.