**William PRICKETT, Receiver pendente lite of B. S. F. Company, a Delaware corporation, Plaintiff,**

**v.**

**AMERICAN STEEL AND PUMP CORPORATION, a Delaware corporation, Defendant.**

Court of Chancery of Delaware.

New Castle.

April 18, 1969.

Irving Morris and Joseph A. Rosenthal, of Cohen, Morris & Rosenthal, Wilmington, Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff.

Bruce M. Stargatt and Jack B. Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, Murray I. Gurfein, of Goldstein, Gurfein, Shames & Hyde, New York City, for defendant.

DUFFY, Chancellor:

The Court's opinion of March 12, 1969 states the facts. 251 A.2d 576. After that opinion was filed, counsel briefed and argued the question as to the number of directors to be elected at the meeting of stockholders to be convened by the Master.[1] This is the decision on plaintiff's motion for summary judgment.

The parties are agreed that under existing corporate regulations a full Board of Directors consists of five members. Plaintiff contends that under 8 Del.C. § 223 (c) the offices of the three directors chosen on October 18, 1968 by the two directors then in office are up for election at the meeting.[2] Defendant concedes on this point so both sides agree that three directors (at least) should be elected at the meeting which the Court has ordered.

Article VIII, Section 2 of ASP's charter provides:

"The number of directors of the Corporation shall be fixed from time to time by or in the manner provided in the By-Laws, but the number thereof shall never be less than three. The directors are hereby divided into three classes, each class to consist, as nearly as may be, of one-third of the number of directors then constituting the whole board. The term of office of those of the first class shall expire at the annual meeting next ensuing. The term of office of the second class shall expire one year thereafter. The term of office of the third class shall expire two years there-

1. In an opinion dated March 18 the Third Circuit Court of Appeals affirmed the action of the United States District Court in appointing a Receiver for BSF. Tanzer v. Huffines, 408 F.2d 42.

2. 8 Del.C. § 223(c) provides:
"If, at the time of filling any vacancy or any newly created directorship, the directors then in office shall constitute less than a majority of the whole board (as constituted immediately prior to any such increase), the Court of Chancery may, upon application of any stockholder or stockholders holding at least ten percent of the total number of the shares at the time outstanding having the right to vote for such directors, summarily order an election to be held to fill any such vacancies or newly created directorships, or to replace the directors chosen by the directors then in office as aforesaid, which election shall be governed by the provisions of section 211 of this title as far as applicable."

after. At each succeeding annual election, the directors elected shall be chosen for a full term of three years to succeed those whose terms expire. A director need not be a stockholder. The election of directors need not be by ballot unless the By-Laws so require. In case of any increase in the number of directors, the additional directorships so created may be filled in the first instance in the same manner as a vacancy in the Board of Directors."

Plaintiff argues that all places on ASP's Board are up for election because the corporation has not followed the staggered term-of-office procedure since about 1964 and, according to the 1967 annual report filed March 1, 1968 with the Secretary of State, the terms of all directors expired on July 14, 1968. Messrs. Muscat and Keating, the directors whose offices are in issue, were elected by stockholders at the annual meeting held on October 30, 1967. Defendant contends that they are entitled to serve until the 1970 annual meeting of stockholders.

■ At a special meeting of the Board in 1965, a by-law provision was adopted to the effect that all directors would be elected for one-year terms, and at the annual meetings for 1965, 1966 and 1967 directors were elected for one-year periods. But ASP's charter was never amended to change the terms. Thus the by-law provision is in conflict with the charter and it is therefore void. Essential Enterprises Corp. v. Automatic Steel Products, 39 Del.Ch. 93, 159 A.2d 288 (1960); Gaskill v. Gladys Belle Oil Co., 16 Del.Ch. 289, 146 A. 337 (1929); 8 Fletcher Cyclopedia Corporations (Perm.Ed.), § 4190; 8 Del.C. § 109 (b).

Defendant says that because the by-law is void, the charter provision requiring staggered terms controls the status of Directors Muscat and Keating and, since both were elected by the shareholders on October 30, 1967, each term is for three years and hence does not expire until 1970.

Plaintiff has two points in rebuttal: First, he argues that if the staggered-term provision of the charter is to be applied, Muscat's election in 1966 was for a three-year term, and therefore his subsequent re-election in 1967 was nugatory since he was in office under the 1966 election for a three-year term ending in 1969. Second, both Muscat and Keating are *de facto* directors because their election under an invalid by-law is without a term in law and therefore subject to termination by a valid election. Plaintiff thus contends that all five directorships should be filled at the special election.

■ A *de facto* director is one who is in possession of and exercising the powers of that office under claim and color of an election, although he is not a director *de jure* and may be removed by proper proceedings. 19 Am.Jur.2d, Corporations, § 1100. Where a director assumes office pursuant to an irregular election in violation of the provisions of the corporate charter, he achieves only *de facto* status which may be successfully attacked by the stockholders. Compare Young v. Janas, 34 Del. Ch. 287, 103 A.2d 299 (1954); Drob v. National Memorial Park Inc., et al., 28 Del.Ch. 254, 41 A.2d 589 (1945); Blish v. Thompson Automatic Arms Corp., 30 Del. Ch. 538, 64 A.2d 581 (1948); 2 Fletcher, supra, §§ 376, 388; 19 Am.Jur.2d supra, § 1101.

■ The election of Muscat and Keating for one-year terms, pursuant to the 1965 by-law, was in irreconcilable conflict with the corporation's charter provision establishing staggered terms of three years each. Neither the by-law nor the election under it effectively changed the charter requirement. In short, since the corporate charter provides for three-year terms, the election of Muscat and Keating as directors for terms of one year each was "irregu-

lar," and each achieved only "de facto" status. Petition of Salnor Realty Corp., 16 Misc.2d 189, 183 N.Y.S.2d 879 (1959). And that status will end with the election of directors under the order of this Court.

One final point should be made about ASP's argument. The stockholders elected Muscat and Keating for only *one* year. If the Court were to accept defendant's hypothesis, each term would be extended to *three* years. And so Muscat and Keating would be getting more from the Court than they got from the stockholders. That will not do.

I conclude that Muscat and Keating do not have a *de jure* right to directorships and, for purposes of this case, their office should be filled by election at the meeting of stockholders to be convened by the Master.

■ Two questions remain. The first of these is the length of the term to which new directors will be elected. The election must be held in compliance with Article VIII, Section 2, of the corporate charter, and thus the stockholders are free to nominate persons to fill the three directorial classes. Each directorial class will serve for a term of office as provided in the charter.

■ Finally, ASP argues that the Court should enter a conditional order either (a) to require that plaintiff's nominees for directors resign at the request of the majority of defendant's stockholders if and when the receivership is terminated, or (b) to include in the decree "a provision granting leave to A.S.P. shareholders to petition the Court to order a special election, in the event the receiver is discharged and his nominees insist on retaining control." While the concern which underlies these requests is understandable, neither is appropriate for action by the Court, at least at this time. I say this for two reasons. First, each proposal seeks an order based upon what can only be speculation as to what may occur in the future. Second, and more to the point, the Receiver here is acting under the control of the United States District Court, and certainly that Court can require the Receiver to use his stock control in a way fair to all parties in interest.

I will resolve any procedural matters which remain at conference with counsel.

Order on notice.