**AFOGNAK NATIVE CORPORATION,**
**An Alaska corporation, Appellant,**

**v.**

**Arnold A. ("Ole") OLSEN, a Washington resident, Rhea Knagin and Cecil Nelson, Sr., Alaska residents, Appellees.**

**No. 6441.**

Supreme Court of Alaska.

Aug. 6, 1982.

R. Eldridge Hicks, Lane, Powell, Ruskin, Barker & Hicks, Anchorage and James L. Robart and H. Peter Sorg, Jr., Lane, Pow-

ell, Moss & Miller, Seattle, Wash., for appellant.

John H. Bradbury, Bradbury, Bliss & Riordan, Anchorage, for appellees.

Before BURKE, C. J., and RABINOWITZ, CONNOR and MATTHEWS, JJ. [COMPTON, J., not participating].

## OPINION

PER CURIAM.

Plaintiff Afognak Native Corporation filed this declaratory judgment action to determine whether its bylaws adequately provided for non-cumulative voting. Defendants are dissident shareholders in the corporation.

AS 10.05.162 provides that:

*Sec. 10.05.162 Voting for directors and cumulative voting option.* At an election for directors every shareholder entitled to vote may vote, in person or by proxy, the number of shares owned by him for as many persons as there are directors to be elected and for whose election he has a right to vote, or may cumulate his votes by giving one candidate as many votes as the number of directors to be elected multiplied by the number of his shares equals, or by distributing those votes on the same principle among any number of candidates. Any corporation may provide in its bylaws that shareholders shall not cumulate their votes but must vote shares held by them for as many persons as there are directors to be elected.

As originally enacted, Section .162 mandated cumulative voting. The section was amended in 1964 by adding the second sentence, creating an option for non-cumulative voting. Under standard rules of statutory construction, the original policy favoring cumulative voting was left undisturbed by the addition of the second sentence. *Green v. State*, 462 P.2d 994, 1000 (Alaska 1969), *cert. denied*, 398 U.S. 910, 90 S.Ct.

1704, 26 L.Ed.2d 70 (1970); *United States v. Hardcastle*, 10 Alaska 254, 268 (Alaska 1942).

Section 6 of Afognak's bylaws provides that:

Subject to the articles and laws of this Corporation and laws and statutes of the State and U. S. each share of stock in the Corporation is entitled to one vote on each question called at a Stockholders meeting. On the question of election of Directors, all nominees shall be placed on the ballot; each share will vote for the nominees it desires, with the nominee receiving the highest number of votes deemed elected.

There is no suggestion on the face of the bylaw of an intent to exercise the statutory option. The fact that Afognak's board of directors has interpreted the bylaw to call for non-cumulative voting does not mean that the bylaw so provides. The bylaw does not meet the requirements of Section .162.

Since the terms of the disputed seats on the Board have not expired, the right to a new election, as ordered by the superior court, follows.[1] Nor is laches a good defense to the request for a new election, as the defendants' challenge under Section .162 was raised prior to the disputed election.

The judgment of the trial court is AFFIRMED.

---

1. The acts of the corporation since the disputed election may be preserved by treating the winners of the invalidated election as *de facto* directors for their tenure. *Prickett v. American Steel & Pump Corp.*, 253 A.2d 86 (Del.Ch.1969). We reject Afognak's contention that the superior or court erred in ordering a new election since this relief was not requested. The record discloses that defendants' answer specifically requested that the superior court order a new election.