Alfred ROVEN, Plaintiff,

v.

James J. COTTER, Joel A. Cassel, Edward L. Kane, Samuel S. McCarver, Ralph B. Perry, III, James A. Taylor, Alfred Villasenor, Jr., and Citadel Holding Corporation, a Delaware corporation, Defendants.

C.A. No. 9840.

Court of Chancery of Delaware, New Castle County.

Submitted: May 11, 1988.
Decided: May 27, 1988.

R. Franklin Balotti (argued), Gregory V. Varallo, Joseph J. Bodnar, and Robert J. Shaughnessy, of Richards, Layton & Finger, Wilmington; Stroock & Stroock & Lavan, New York City, of counsel, for plaintiff.

William O. LaMotte, III (argued), Thomas R. Hunt, Jr., and Brett D. Fallon, of Morris, Nichols, Arsht & Tunnell, Wilmington; Gibson, Dunn & Crutcher, Los Angeles, Cal., of counsel, for defendants.

MOORE, Justice [Sitting by Designation Pursuant to Del. Const. art. IV, § 13(2)].

Alfred Roven, a director of Citadel Holding Corporation, has sued to enjoin certain corporate actions ultimately intended to remove him without cause from Citadel's presently classified board of directors. The novel issue before me is whether 8 *Del.C.* § 141 (1983 and Supp.1987), and *Essential Enterprises Corp. v. Automatic Steel Products, Inc.*, Del.Ch., 159 A.2d 288 (1960), permit shareholders to amend a certificate of incorporation, thereby eliminating a bylaw establishing a classified board of directors, so that the stockholders can then remove a director without cause. The defendants seek both summary and declaratory judgments on this question. I find that the proposed corporate actions are consistent with Delaware law. Accordingly, judgment will be granted on the legal issues in defendants' favor.

I.

As permitted by 8 *Del.C.* § 141(d),[1] the initial bylaws of Citadel, rather than its

1. 8 *Del.C.* § 141(d) provides in pertinent part:
   (d) The directors of any corporation organized under this chapter may, by the certificate of incorporation or by an initial by-law, or by a by-law adopted by a vote of the stockholders, be divided into 1, 2 or 3 classes; the term of office

certificate of incorporation, provided for a classified board of directors as follows:

> The number of Directors which shall constitute the whole Board shall be thirteen divided into three (3) staggered classes with as equal a number of Directors as possible in each class. The members of one class of Directors shall be elected at each annual meeting of the stockholders for a term continuing until the third annual meeting of the stockholders following said Director's election and each Director shall hold office until his successor is elected and qualified....

Now, allegedly, circumstances have dictated another course. At a special meeting of the Citadel Board on May 5, 1988, a resolution was adopted recommending that the shareholders amend the certificate of incorporation at the forthcoming annual meeting on June 23, 1988 by adding the following two provisions:

> Unless the by-laws of the Corporation are amended by the stockholders of the Corporation after the effectiveness of this provision to provide for the division of the directors into classes, at each annual meeting all directors shall be elected to hold office until their respective successors are elected and qualified or until their earlier resignation or removal.

> Regardless of whether the board of directors of the Corporation is divided into classes, any director or the entire board of directors may ... be removed, with or without cause, by the holders of a majority of the shares then entitled to vote at an election of directors.

Moreover, to avoid any question of when the current directors' terms expire, the shareholders will be asked to vote to remove without cause the current directors of the corporation, if and when the charter amendment becomes effective. At the May 5, 1988 meeting, the Citadel Board further resolved that upon the effectiveness of the proposed amendment to the certificate of incorporation, the bylaws of the company also would be amended to

provide for an unclassified board as follows:

> At each annual meeting all directors shall be elected to hold office until their respective successors are elected and qualified or until their earlier resignation or removal. Regardless of whether the Board of Directors is divided into classes, any director or the entire board of directors may ... be removed, with or without cause, by the holders of the majority of the shares then entitled to vote in an election of directors.

Thus, if the foregoing proposals are properly adopted, their total effect will be: (1) to permit either a classified or unclassified board, although for present purposes the board will be declassified, (2) to allow the removal of directors by the stockholders with or without cause, regardless of any such classification and (3) to remove all incumbent directors without cause.

Alfred Roven will be directly, and adversely, affected by such changes. He was elected to the Citadel board by the written consent of the stockholders in 1985. Most recently, at the May 1987 annual meeting he was reelected to serve a three year term. In early 1987, for reasons not fully apparent on this record, a rift developed between Roven and a majority of the board. It has led the company to seek fundamental changes in its corporate structure which are the focus of this dispute.

Roven sues to enjoin implementation of any amendment to the certificate of incorporation or bylaws which would have the effect of declassifying the present board, thereby permitting his immediate removal with or without cause prior to the expiration of the three year term to which he was elected in May 1987.

Roven's complaint alleges four causes of action, only three of which are pertinent here. In Count I he avers that the Citadel board is presently classified, and therefore, shareholders may remove directors only for

---

of those of the first class to expire at the annual meeting next ensuing; of the second class 1 year thereafter; of the third class 2 years thereafter; and at each annual election held after such

classification and election, directors shall be chosen for a full term, as the case may be, to succeed those whose terms expire....

cause under 8 *Del.C.* § 141(k)(i).[2] Since Citadel's certificate of incorporation does not now permit classified directors to be removed without cause, the board's decision to recommend that stockholders declassify the board, and remove directors without cause, was "invalid and in gross violation of Delaware law." Counts II and III are corollaries of Count I: since Citadel's bylaws permit director removal only as "provided in § 141(k)" of the General Corporation Law, the only means permitted under the bylaws for removal of directors is for cause; Count III alleges that any stockholder action to change the classified board would constitute an illegal act.[3] Thus, I consider only the legal questions raised by the foregoing counts of the complaint, and upon which the defendants seek both summary and declaratory judgments. As to these questions there are no material facts in dispute, and therefore, the issues are ripe for partial summary judgment. Chancery Court Rule 56(c); *Bader v. Sharp*, Del.Ch., 110 A.2d 300 (1954), *aff'd*, Del.Supr., 125 A.2d 499 (1955); *Nash v. Connell*, Del.Ch., 99 A.2d 242 (1953).

## II.

The directors of a Delaware corporation are charged with the overall responsibility for managing its business and affairs. 8 *Del.C.* § 141(a) (1983). The stockholders elect directors for a one year term, unless the certificate of incorporation or an initial bylaw, or one later adopted by the stockholders, provides for a classified board. 8 *Del.C.* § 141(d) (Supp.1987).[4] While these principles of management, election, and classification date back to the very inception of the Delaware General Corporation Law,[5] curiously the issue of removal of

directors is only of recent statutory origin. Thus, I briefly review the history of this subject.

Prior to 1967, the General Corporation Law did not specifically address the matter. E. Folk, *The Delaware General Corporation Law*, p. 57 (1972). However, Delaware courts have always recognized the inherent power of stockholders to remove a director for cause. *Campbell v. Loew's, Inc.*, Del.Ch., 134 A.2d 852, 858 (1957); *Bruch v. National Guarantee Credit Corp.*, Del.Ch., 116 A. 738, 741–42 (1922). The more troublesome issue was whether a director could be removed without cause.

In 1960 this court decided *Essential Enterprises Corp. v. Automatic Steel Products, Inc.*, Del.Ch., 159 A.2d 288 (1960), which circumscribed the right of a corporation to remove a director on a classified board before he or she had served a "full term". That case involved a bylaw, permitting stockholders to remove directors with or without cause, which was found inconsistent both with a charter provision creating a classified board, and with § 141(d) which authorized the classified board provision. The court found that the shareholders had ordained a classified board in the charter, which could not be defeated through a bylaw. 159 A.2d at 291. This, of course, is an elementary principle of Delaware law, that bylaw provisions are subordinated to the certificate of incorporation. *See, e.g.*, 8 *Del.C.* § 109(b) (1983); *Gaskill v. Gladys Belle Oil Co.*, Del.Ch., 146 A. 337, 340 (1929). Thus, as of 1960, removal without cause, if permitted at all, was limited to non-classified boards.

In 1967, § 141(b) was amended to specifically acknowledge that a director's term

---

2. That statute provides in pertinent part:

    (k) Any director or the entire board of directors may be removed, with or without cause, by the holders of a majority of the shares then entitled to vote at an election of directors, except as follows:

    (i) Unless the certificate of incorporation otherwise provides, in the case of a corporation whose board is classified as provided in subsection (d) of this section, shareholders may effect such removal only for cause;

3. Count IV alleges that the defendants' actions, described in Counts I–III constitute inequitable conduct in violation of the principles expressed in *Schnell v. Chris Craft Industries, Inc.*, Del. Supr., 285 A.2d 437, 439 (1971). That issue is not presently before me, and I do not address it.

4. *See supra* note 1.

5. *See* 8 *Del.C.* § 141 (1975); 8 *Del.C.* § 141 (1967); Del.Code of 1935, ch. 65, § 2041; Del. Code of 1915, ch. 65, § 1923; 21 Del. Laws ch. 273, § 20 (1899).

could end by removal, but the amendment did not address the validity of removal without cause.[6] The 1967 revision is nevertheless important because it indicates the General Assembly's recognition that a director's term is not absolute in duration. Rather, it is, under proper circumstances, terminable.

Thereafter, in *Everett v. Transnation Dev. Corp.*, Del.Ch., 267 A.2d 627 (1970) this court relied on the 1967 amendment to § 141(b) in upholding the removal without cause of a director pursuant to a bylaw. The court found *Essential Enterprises* inapplicable because § 141(b) had subsequently been amended to recognize removal. The Vice Chancellor further held that the director had "actual or implied knowledge" that her right to hold office could be extinguished, since she personally had voted to adopt the bylaw used to remove her. The court concluded that the shareholders, and the director herself, had made a choice in favor of permitting removal without cause.

Finally, in 1974 the issue of removal was settled when the General Assembly amended § 141 to permit removal with or without cause. *See* § 141(k), *supra* n. 2. This included the specific recognition that even a classified board could be removed without cause if the certificate of incorporation so provided. 8 *Del.C.* § 141(k)(i) (1974), *supra* n. 2. Thus, it is clear that the shareholders retain the right to remove directors without cause, even if the board is classified. This leaves to shareholders the ultimate decision of how they will balance concerns for conti-

nuity and director security against those of flexibility and accountability.

### III.

Roven concedes that the shareholders may remove a director without cause, where a board is unclassified, or if classified, where the charter so permits. However, his argument focuses on the time of adoption of the certificate provision permitting removal without cause. Roven contends that once elected to a "full term" of three years on a classified board, absent an existing contrary charter provision, he has a vested right under § 141(d) to serve the entire term, regardless of any later amendments to the charter or bylaws.

Roven argues that *Essential Enterprises* supplied a definitive interpretation of § 141(d), subsequently adopted by the General Assembly when enacting § 141(k)(i), which absolutely prohibits a corporation from removing a director without cause from a classified board during his or her term. I do not read *Essential Enterprises* so broadly, particularly in the present framework of the law.

Instead, that case must now be viewed in the context of our law as it existed in 1960. In *Essential Enterprises* the director was purportedly removed under a *bylaw* which permitted removal without cause. The defendant's *charter*, however, provided for a classified board. Since the latter provision permitted the election of a maximum of two directors in any one year, the court ruled that a bylaw, which would allow the replacement of more than two directors in

---

**6.** Section 141(b) provides:

(b) The board of directors of a corporation shall consist of 1 or more members. The number of directors shall be fixed by, or in the manner provided in, the bylaws, unless the certificate of incorporation fixes the number of directors, in which case a change in the number of directors shall be made only by amendment of the certificate. Directors need not be stockholders unless so required by the certificate of incorporation or the bylaws. The certificate of incorporation or bylaws may prescribe other qualifications for directors. Each director shall hold office until his successor is elected and qualified *or until his earlier resignation or removal.* Any director may resign at any time upon written notice to the corporation. A ma-

jority of the total number of directors shall constitute a quorum for the transaction of business unless the certificate of incorporation or the bylaws require a greater number. Unless the certificate of incorporation provides otherwise, the bylaws may provide that a number less than a majority shall constitute a quorum which in no case shall be less than ⅓ of the total number of directors except that when a board of 1 director shall constitute a quorum. The vote of the majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors unless the certificate of incorporation or the bylaws shall require a vote of a greater number. (emphasis added).

a year, was inconsistent with the charter. 159 A.2d at 291. Although the court decided the case on the basis of this conflict, it also ruled that under § 141(d) directors on a classified board could not be removed without cause before the end of their "full term". *Id.* at 290–91. Of course, at that time there was no counterpart of § 141(k) in our law.

*Essential Enterprises* did not, however, address the question whether § 141(d) permits shareholders to abolish a classified board, established by a bylaw, and then remove a director with or without cause. Nor could the court have considered the question of the present meaning of the words "full term" in § 141(d), since removal without cause was not even contemplated by the General Corporation Law at that time. Roven's principal argument is that the 1974 amendment to § 141, adding a new subsection (k), merely codified the rationale of *Essential Enterprises.* He refers to the commentary drafted by the General Corporation Law Committee of the Delaware State Bar Association, which accompanied new section 141(k). That comment states in pertinent part:

> "The new § 141(k) provides for removal of directors with or without cause by the stockholders. There are exceptions in the cases of classified boards, corporations having cumulative voting and directors especially elected by a class of stockholders. Delaware was in the minority of states having no specific statute governing the circumstances under, and the procedure by which, removal of a director or the entire board could be effected. The 1967 revision acknowledged that a director's term could be terminated by removal, but it left other questions unanswered. This amendment is patterned, in large part, on Section 39 of the Model Business Corporation Act. In the case of directors elected for a term of years to a classified board under § 141(d), removal may only be with cause. This codifies the rationale of *Essential Enterprises Corp. v. Automatic Steel Products Inc.* ...; but cf., *Everett v. Transnation Dev. Corp.,* Del.Ch., 267 A.2d 627 (1970)...."

Official comment to 1974 amendment to § 141, *reprinted in* 5 Balotti and Finkelstein, *The Delaware Law of Corporations and Business Organizations* 77 (1987).

The comment, however, ignores the plain language of § 141(k)(i), specifically permitting the removal without cause of directors elected to a classified board when the certificate of incorporation so provides. To that extent the comment is inaccurate or at best incomplete. Thus, to the extent that *Essential Enterprises,* is codified in § 141(k), it simply represents the proposition that when a board is classified in the certificate of incorporation, and there is no provision for removal without cause, a director is entitled to serve out his "full term" unless removed by the stockholders for cause.

Although *Everett v. Transnation Dev. Corp.,* Del.Ch., 267 A.2d 627 (1970), is distinguishable from *Essential Enterprises,* because the board was not classified, the primary lesson of *Everett* is applicable to all removal cases: a director is on notice that he or she is subject to removal from office under appropriate circumstances. By enacting § 141(k) the General Assembly has settled that point beyond peradventure.

## IV.

Roven argues that sections 141(d) and 141(k), when taken together, entitle a director elected in accordance with § 141(d) to serve a "full term" of three years. Reading all parts of § 141 *in pari materia,* however, leads me to a different conclusion.

The General Corporation Law now clearly and unambiguously contemplates removal in sections 141(b) and 141(k). *See supra* notes 6 and 2. The former section recognizes that a director's term may be extinguished by removal. The latter specifically empowers shareholders to remove directors with or without cause, including a classified board if the certificate of incorporation so provides. Thus, the meaning and effect of § 141(k)(i) could hardly be plainer.

In light of the foregoing, Roven's interpretation of § 141(d) becomes impossible.

If a director is potentially subject to removal without cause, even on a classified board, then § 141(d) could not possibly entitle a director to serve a "full term" contrary to basic principles of corporate democracy, and the expressed will of the majority. That is of particular significance here, since it is the shareholders who will make the final decisions respecting Citadel's corporate structure. Their resolve should not be thwarted under the present circumstances even by a determined minority. It is true, as the court held in *Essential Enterprises*, that once elected to a classified board a director is entitled to serve a full term, but since the 1974 addition of § 141(k) that entitlement has been materially circumscribed.

## V.

■ Finally, Roven's argument that Delaware has retained, at least to a limited degree, the common law theory that a director has a vested right in serving out a full term, is without merit. At common law a director had a vested right in his position arising from his duties and responsibilities to the corporation. *See, e.g., Pilat v. Broach Systems, Inc.*, 260 A.2d 13 (N.J. Super.1969). Delaware has not retained this rule. *Everett v. Transnation Dev. Corp.*, Del.Ch., 267 A.2d 627, 630 (1970); 1 E. Folk, R. Ward and E. Welch, *Folk on the Delaware Corporation Law* § 141.5, p. 134 (2d ed. 1988). Rather, this court has held that if a director has actual or implied notice that his right to hold office may be extinguished, he has no such vested right. *Everett*, 267 A.2d at 630. Moreover, the plain effect of § 141 is to put any such vested right theory to rest.

■ Were such notice to Roven the issue, his cause would clearly fail. First, a fundamental principle of the General Corporation Law is that it may be amended or repealed at the pleasure of the Legislature, and that both the law and all amendments thereto "shall be a part of the charter or certificate of incorporation of every corporation except so far as the same are inapplicable and inappropriate to the objects of the corporation." 8 *Del.C.* § 394 (1987).

Second, § 141(b) specifically acknowledges that a director shall hold office only until his successor is elected and qualified or until his earlier resignation or removal. Third, under § 141(k)(i), if the certificate of incorporation so provides, even a classified board may be removed without cause. Fourth, the law is unequivocal that a corporation may amend its charter "from time to time, in any and as many respects as may be desired, so long as its certificate of incorporation as amended would contain only such provisions as it would be lawful and proper to insert in an original certificate of incorporation...." 8 *Del.C.* § 242(a) (1983). Fifth, the Citadel board presently is classified pursuant to a bylaw provision, but under 8 *Del.C.* § 109 (1983) all directors are on notice that such bylaws could be amended by the shareholders, and that the bylaws may not be inconsistent with the certificate of incorporation.

More specifically, by the express terms and conditions of Citadel's certificate of incorporation and bylaws Roven had notice of potential changes in those documents, including his possible removal from office. Thus, section 10 of Citadel's certificate of incorporation provides that:

[T]he corporation reserves the right to amend, alter, change or repeal any provision contained in this certificate of incorporation, in the manner now or hereafter prescribed by statute, and all rights conferred upon stockholders herein are granted subject to this reservation.

As for Citadel's bylaws, Article III, Section 14, states that:

Any Director or the entire Board of Directors may only be removed as provided in section 141(k) of the General Corporation Law of Delaware.

Finally, Article VIII, Section 1, of Citadel's bylaws puts all on notice that the bylaws may be amended at any time by the shareholders:

These by-laws may be altered, amended or repealed or new by-laws may be adopted by the stockholders or by the Board of Directors, when such power is conferred upon the Board of Directors by the certificate of incorporation at any

regular meeting of the stockholders or of the Board of Directors or at any special meeting of the stockholders or of the Board of Directors if notice of such alteration, amendment, repeal or adoption of new by-laws be contained in the notice of such special meeting. If the power to adopt, amend or repeal by-laws is conferred upon the Board of Directors by the certificate of incorporation it shall not divest or limit the power of the stockholders to adopt, amend or repeal by-laws.

Considering all of the circumstances, it is clear that directors of Delaware corporations in general, and Mr. Roven in particular, have no vested right to hold office in defiance of a properly expressed will of the majority.

 The defendants have met their burden of demonstrating that they are entitled to judgment as a matter of law. *Tanzer v. International Gen. Indus., Inc.*, Del.Ch., 402 A.2d 382 (1979). The Citadel shareholders may amend the certificate of incorporation to eliminate the classified board, and thereafter remove any director without cause. Accordingly, the defendants' prayers for the entry of summary and declaratory judgments are granted on the legal issues raised by Counts I through III of the complaint. On notice to the plaintiff the defendants shall present an order in conformance with this opinion.